889 F.2d 1089
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America on relation of Joseph E. JOHNSON,
for JAT MUSIC, INC., Plaintiffs,
Four Star Music Company, Inc., Plaintiff-Appellant,
v.
AETNA CASUALTY & SURETY CO., Estate of Irwin A. Deutscher,
Defendants-Appellees.
 No. 89-5324.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1989.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and RICHARD F. SUHRHEINRICH,* District Judge.
 
 PER CURIAM :
 
 2
 Four Star Music Company, Inc. (Four Star), a former bankruptcy debtor, brought this action against the estate of its deceased bankruptcy trustee, Irwin Deutscher, and against Deutscher's surety, Aetna Casualty & Surety Company (Aetna). Four Star's complaint alleged a breach of a number of fiduciary responsibilities by Deutscher in his role as bankruptcy trustee. Four Star charged, among other things, that Deutscher hired persons with interests adverse to those of the estate on behalf of the estate, that he converted various assets of the estate for his own benefit, and that these and other breaches of duty to the estate resulted in an undesirable sale of Four Star's principal asset, a music catalog. Four Star's motion to stay the order approving the sale of the catalog had been denied by the bankruptcy court, and its appeal on that issue was finally dismissed with prejudice for lack of prosecution.
 
 
 3
 On May 13, 1986 (at which time the bankruptcy proceeding had been ongoing for nine years), the bankruptcy judge issued an order entitled "Order Closing Case," and it is the preclusive effect of this order that is at issue. The order contained the following findings by the bankruptcy court:
 
 
 4
 1. It is in the best interest of all parties for this case to be closed notwithstanding the fact that a complete and final accounting has not been completed. The court makes a factual finding that it will be impossible to complete the accounting in light of the death of Mr. Deutscher, the former Trustee, and the incomplete condition of records. The case should be closed consistent with the provisions of this Order with no further proceedings.
 
 
 5
 2. Notwithstanding evidence of an overpayment of receiver's and trustee's fees to the late Mr. Deutscher, it is the desire of the administrative expense claimants that the case be concluded and that no further estate assets be utilized to pursue possible claims against Mr. Deutscher. Accordingly, all administrative expense claimants shall share pro rata in the funds remaining. (emphasis added).
 
 
 6
 Four Star did not appeal this ruling by the Bankruptcy Court. Instead, some six months later, Four Star filed this independent action that is the subject of this appeal in the district court, naming both the late Deutscher's estate and Aetna, Deutscher's surety, as defendants. Defendants' motion for summary judgment was referred to a magistrate, who found that Four Star's claims regarding the sale of the music catalog and assorted breaches of fiduciary duty were res judicata by virtue of the bankruptcy court's unappealed-from orders. This finding was adopted by the district court. Four Star appeals, and we affirm.
 
 
 7
 The term "res judicata," when used in its broadest sense, includes both claim preclusion and issue preclusion. In its narrower sense, res judicata refers to claim preclusion, while issue preclusion is also known as collateral estoppel.
 
 
 8
 [C]laim preclusion, or true res judicata ... treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action.... Under these rules, ... the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial. (emphasis added)
 
 
 9
 Kaspar Wire Works, Inc. v. Leco Engineering and Machine, Inc., 575 F.2d 530, 535-536 (5th Cir.1978).
 
 
 10
 Four Star did not appeal the above described order of the bankruptcy court, nor did it seek to reopen the bankruptcy case prior to bringing this action in the district court. Four Star's motion to reopen, brought subsequent to the adverse ruling, was denied.
 
 
 11
 Four Star had a full opportunity, in our view, during the administration of the bankruptcy estate to challenge the actions or conduct of the trustee. The challenged sale of the assets, the music catalog, took place in 1982. Then Four Star principals knew, or surely should have known, whether Deutscher had fired persons with interest adverse to the estate, and it could certainly have demanded an accounting of the proceeds, or objected to disbursements made. At the very least, Four Star was guilty of laches for its failure to pursue these matters until nearly five years later after the trustee was deceased.
 
 
 12
 Four Star's primary argument to the district court was that the bankruptcy court's order was interim rather than final. We are not persuaded by this contention. The doctrine of res judicata (or claim preclusion), encompasses both issues that were litigated and those that could have been litigated in the prior bankruptcy proceeding.
 
 
 13
 For the reasons set forth by the magistrate in his report and recommendation, and in the district court's opinion, we find that summary judgment for defendants was not erroneous. We accordingly AFFIRM the judgment of the district court.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, United States District Judge for the Eastern District of Michiga, sitting by designation